IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JULIO SEGARRA, and
CARMEN SEGARRA                        )
                                      )     Civil Action
           Plaintiffs          )     No. 11-cv-6136
                                      )
    vs.                             )
                                      )
ERIC HOLDER, United States            )
Attorney General;                     )
JANET NAPOLITANO, Secretary of        )
the U.S. Department of Homeland       )
Security;                             )
ALEJANDRO MAYORKAS, Director of       )
United States Citizenship and         )
Immigration Service; and,             )
TONY BRYSON, District Director,       )
United States Citizenship and         )
Immigration Service,                  )
Philadelphia District,                )
                                      )
           Defendants          )

O R D E R

NOW this 12th day of January, 2012, upon consideration of the Complaint for Declaratory and Injunctive Relief, which complaint was filed by plaintiffs on September 29, 2011 ("Complaint");[1] upon consideration of the Federal Defendants'

---

[1] Plaintiffs seek a declaration from this court that plaintiff Julio Segarra is "not subject to the harsh penalties of 8 U.S.C. § 1154(c)", and asks the court to reinstate the approval of the form I-130, Petition for Alien Relative, filed by plaintiff Carmen Segarra on Mr. Segarra's behalf. Alternatively, plaintiffs request this court remand the matter to the United States Citizenship and Immigration Services ("USCIS") for further proceedings and review of USCIS's revocation decision. (Complaint at ¶ 38.)

      The pertinent facts, as alleged in the Complaint, are as follows. Plaintiffs married on February 14, 2000. They remain married and reside in Allentown, Pennsylvania. They have two children, both of whom were born in the United States. After they married, Mrs. Segarra filed a form I-130 on behalf of Mr. Segarra in order to obtain an immigrant visa for Mr. Segarra based on his marriage to Mrs. Segarra, a United States citizen. On February 11, 2004, USCIS approved the I-130 filed on behalf of Mr. Segarra, granting him an immigrant visa. (See Complaint at ¶¶ 3, 9.)

(Footnote 1 continued:)

Motion to Dismiss the Complaint for Lack of Jurisdiction, which motion was filed on December 8, 2011;[2] it appearing that plaintiffs claims would require judicial review of the decision to revoke Mr. Segarra's immigrant visa and that such review is barred by 8 U.S.C. § 1252(a)(2)(B)(ii),[3]

---

(Continuation of footnote 1:)

      After USCIS approved the I-130 submitted by Mrs. Segarra, USCIS connected Mr. Segarra to an I-130 petition filed in 1993 by Mr. Segarra's former wife, Maria Maldonado, which USCIS approved on December 17, 1993. USCIS began to investigate the bona fide nature of Mr. Segarra's prior marriage to Ms. Maldonado in 1994 and revoked approval of Ms. Maldonado's I-130 petition and the immigrant visa granted to Mr. Segarra pursuant to that petition on March 6, 2008. That action was based on its determination that Mr. Segarra's prior marriage to Ms. Maldonado was a "sham marriage" (See Complaint at ¶¶ 4-13.) USCIS also issued a Notice of Revocation to Mrs. Segarra which revoked approval of her I-130 petition filed on behalf of Mr. Segarra. (See Notice of Revocation, Exhibit B to Complaint.)

      Plaintiffs here challenge the revocation of approval of Mrs. Segarra's I-130 petition and of Mr. Segarra's immigrant visa based on Mrs. Segarra's I-130 application, as well as validity of, and process by which USCIS determined that, Mr. Segarra's prior marriage to Ms. Maldonado was a sham.

    [2]    Defendants' motion to dismiss was filed together with Federal Defendants' Brief in Support of the Motion to Dismiss for Lack of Jurisdiction ("Defendants' Brief"). Plaintiffs' Reply Brief in Response to Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) was filed December 15, 2011 ("Plaintiffs' Response"). In the absence of objection by plaintiffs and with the court's permission, Defendants' Reply Brief in Further Support of Its Motion to Dismiss Plaintiffs' Claims was filed by the Clerk of Court on January 9, 2012 ("Defendants' Reply Brief").

    [3]    Plaintiffs contend that this court has jurisdiction over this action pursuant to several provision in the United State Code, namely: (1) 28 U.S.C. § 1331, (2) 5 U.S.C. §§ 702, 704, and (3) U.S.C. §§ 2201-2202. (Complaint at ¶¶ 22-24; Plaintiffs' Response at page 2.)

      Defendants contend that Title 8 United States Code Sections 1155 and 1252(a)(2)(B)(ii) apply to strip this court of jurisdiction over this action. (Defendants' Brief at pages 6-7, 9-12; See Defendants' Reply Brief.) Moreover, defendants argue that the Opinion of the United States Court of Appeals for the Third Circuit in Jilin Pharmaceutical USA, Inc. v. Chertoff, 447 F.3d 196 (3d Cir. 2006), is controlling and requires that I grant defendants' motion to dismiss. I agree with defendants.

      Section 1252(a)(2) specifies certain immigration matters which are "not subject to judicial review" and specifically provides, in pertinent part, that

(Footnote 3 continued:)

(Continuation of footnote 3:)

> *[n]otwithstanding any other provision of law (statutory or nonstatutory)*...no court shall have jurisdiction to review...any other decision of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than granting relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii)(emphasis added).

Here, the decision being challenged is the revocation, pursuant to section 1155, of the approval of Mr. Segarra's immigrant visa granted upon the I-130 application submitted by Mrs. Segarra.

Section 1155 provides that "[t]he Secretary of Homeland Security *may, at any time, for what he deems to be good and sufficient cause*, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition." 8 U.S.C. § 1155. Section 1154 establishes the procedures for granting immigrant status and, among other things, prohibits approval of immigrant status for an alien who entered or attempted to enter into a sham marriage. See 8 U.S.C. § 1154(c)(emphasis added); see Jilin, 447 F.3d at 202-205.

Defendants contend that Jilin controls and requires dismissal of the Complaint. Plaintiffs do not contend that Jilin is inapplicable or seek to distinguish it from this case on a factual basis.

In Jilin, the Third Circuit Appeals Court considered an appeal from a district court's dismissal, on jurisdictional grounds, of a complaint for mandatory and declaratory relief challenging the revocation of an immigrant visa approved upon a Form I-140, Immigrant Petition for Alien Worker. Jilin, 447 F.3d at 198-199. The district court held that Section 1252(a)(2)(B)(ii) stripped it of jurisdiction and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(1). Id. The appeals court affirmed the district court's dismissal and had "no difficulty concluding that the decision to revoke an approved visa petition pursuant to 8 U.S.C. § 1155 is left to the discretion of the Secretary of Homeland Security." Therefore, the Third Circuit Appeals Court concluded, "pursuant to § 1252(a)(2)(B)(ii), the District Court correctly held that it lacked jurisdiction to review this administrative decision." Jilin, 447 F.3d at 205.

Plaintiffs contend that this court has jurisdiction over this matter because plaintiffs assert colorable claims that defendants violated their due process rights. (Plaintiffs' Response at pages 4-5.) The Third Circuit Appeals Court considered and rejected this argument with respect to the due process argument raised in Jilin, stating "[b]ecause evaluation of these constitutional claims require us to revisit and review the Attorney General's exercise of discretion made pursuant to 8 U.S.C. § 1155, we lack jurisdiction to consider them." Jilin, 447 F.3d at 205-206.

(Footnote 3 continued:)

IT IS ORDERED that the Federal Defendants' Motion to Dismiss the Complaint for Lack of Jurisdiction is granted.

IT IS FURTHER ORDERED that plaintiffs' Complaint for Declaratory and Injunctive Relief is dismissed with prejudice.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 3:)

Plaintiff contends that Noriega v. Gonzales, 2009 U.S.Dist. LEXIS 68811 (D.N.J. August 6, 2009), supports this court's ability to review the USCIS's factual determination that Mr. Segarra's marriage to Ms. Maldonado was a sham and thus permitted revocation pursuant to Section 1154(c) and section 1155. (Plaintiffs' Response at pages 5-9.) However, as plaintiff's candidly acknowledge, Noriega involved a challenge to the *initial denial* a I-130 petition and not, as here, the *revocation of approval* previously granted. (Plaintiffs' Response at page 5, footnote 1.)

Notably, other district courts in this circuit which have considered the issue raised by defendants' within motion have followed Jilin as controlling precedent and found that section 1252(a)(2)(B)(ii) barred review of a revocation pursuant to section 1155 where the revocation was premised on a finding that the immigrant entered into a sham marriage. See Trans American Trucking Serice, Inc. v. Holder, 2010 WL 1371663, at *1-2 (D.N.J. April 5, 2010); Ibraimi v. Chertoff, 2008 WL 3821678, at *1, 3-4 (D.N.J. August 12, 2008).

The distinction between denial of a petition and revocation subsequent to approval is material in light of Jilin. Although plaintiff accurately notes the Third Circuit Appeals Court's statement that "in the law, as in all things, common sense must be [the] guide", (Plaintiffs' Response at pages 8-9 (quoting Butt v. Gonzalez, 429 F.3d 430, 438 (3d Cir. 2005)(emphasis supplied by plaintiffs), the Court, in Jilin, expressly recognized that the congressional scheme established by Sections 1154, 1155, and 1252(a)(2)(B)(ii) and interpreted in Jilin, perhaps "inequitabl[y]", allows for judicial review of a decision to deny an immigrant visa petition, and then bars judicial review of the decision to revoke its approval once that approval is given. Jilin, 447 F.3d at 205 n.11.

For these reasons, I conclude that this court lacks jurisdiction over this matter and, because section 1252(a)(2)(B)(ii) bars judicial review of the decision to revoke approval of Mrs. Segarra's I-130 petition and Mr. Segarra's immigrant visa, I dismiss this action with prejudice.